**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-35517 |
| Plaintiff-Appellee, | D.C. Nos. 4:14-cv-00047-BMM |
| v. | 4:11-cr-00079-BMM-1 |
| EDWARD RONALD STAMPER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted October 25, 2019
Portland, Oregon

Before:  FARRIS, BEA, and CHRISTEN, Circuit Judges.

Edward Stamper was convicted of sexual abuse in violation of 18 U.S.C. §

2242(2)(B).  He now seeks post-conviction relief under 28 U.S.C. § 2255 based on

claims of ineffective assistance of trial and appellate counsel.  He contends that his

counsel should have challenged the Ninth Circuit's Model Jury Instructions, which

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

did not require the jury to find beyond a reasonable doubt that he had knowledge of the victim's incapacity. *See* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.172 (2010) (requiring only that the defendant "knowingly" engaged in a sexual act with a person "physically incapable of declining participation in, or communicating unwillingness to engage in that sexual act"); *cf. United States v. Bruguier*, 735 F.3d 754, 758 (8th Cir. 2013) (en banc) (imposing an additional scienter element and requiring knowledge of the victim's incapacity).

A defendant's Sixth Amendment right to effective counsel is denied when his counsel's representation is both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court need not address both elements of the inquiry if the defendant fails to meet his burden on either prong. *Gonzalez v. Wong*, 667 F.3d 965, 987 (9th Cir. 2011) (quoting *Strickland*, 466 U.S. at 697).

Even if his trial and appellate counsel were deficient, Stamper was not prejudiced by the District Court's failure to give the proposed jury instruction. To show prejudice, Stamper must show a "reasonable probability" that the result of the proceeding would have been different had counsel provided effective assistance. *Strickland*, 466 U.S. at 694. Even if the instruction had been given, the jury would have relied on the objective physical evidence of the victim's

2

intoxication on the night in question, Stamper's own admission that the victim was very intoxicated on the night in question (calling her an "8 out of 10" on a scale of intoxication), the testimony of the victim's cousin that he carried the victim, who was unresponsive, to the bedroom, and the eyewitness testimony that the victim was unconscious while Stamper was having sex with her. In voting to convict Stamper, the jury credited this testimony and thus necessarily rejected Stamper's version of events—that the victim was the sexual aggressor and consented to sex. There is no reasonable probability that Stamper would have been found not guilty even with an additional instruction.

Stamper also seeks a Certificate of Appealability for an additional ineffective assistance claim that his lawyer should have sought cell phone records from the victim and a witness. To obtain a COA under 28 U.S.C. § 2253(c), "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Although this standard is "not a particularly exacting one," *Wilson v. Belleque*, 554 F.3d 816, 826 (9th Cir. 2009), Stamper cannot clear this low hurdle. Stamper's trial counsel made a reasonable strategic decision to not pursue the investigation. "[W]hen a defendant has given counsel reason to believe that

3

pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable." *Strickland*, 466 U.S. at 691. The phone records may have shown that the victim was alert (and thus not incapacitated), but could well have contained information injurious to Stamper's defense. Stamper's trial counsel considered the possible consequences of such an investigation and made a reasonable strategic decision to forego investigation.

The District Court's decision is **AFFIRMED**. We **DENY** the motion to expand the Certificate of Appealability.